IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REANNA RENE § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| RODERICK CLIFFORD BARR AND § | |
| SPAULDING EXPRESS LOGISTICS, § | |
| INC § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL PURSUANT TO RULE 38, FED. R. CIV. P.**

Plaintiffs, Reanna Rene, files her Original Complaint against Defendants, Roderick Clifford Barr and Spaulding Express Logistics (collectively as "Defendants"), and in support of her causes of action would respectfully show the following:

**I.
PARTIES**

1.1   Plaintiff, Reanna Rene ("Plaintiff"), is and was a resident and citizen of the State of Texas at all times relevant to this action.

1.2   Defendant, Roderick Clifford Barr ("Defendant Barr"), is a resident of Miami, Florida that may be served with process at his home located at 9110 N.W. 33 Avenue, Miami, Florida 33147. Alternatively, Defendant Barr may be served by serving the Texas Secretary of State pursuant to Texas Civil Practice and Remedies Code 17.044(a) as Defendant Barr does business in Texas but has not designated or maintained a registered agent for service of process.

1.3    Defendant, Spaulding Express Logistics, Inc ("Defendant Spaulding Express"), is a foreign profit corporation that may be served with process through its registered agent Joseph-Spaulding, Florbrenne at 6779 Overlook Drive, Fort Myers, Florida 33919. Alternatively, Defendant Spaulding Express may be served by serving the Texas Secretary of State pursuant to Texas Civil Practice and Remedies Code 17.044(a) as Defendant Spaulding Express does business in Texas but has not designated or maintained a registered agent for service of process.

1.4    Plaintiff specifically invokes the right to institute this lawsuit against whatever entities were conducting business using the assumed names and/or common names of the Defendants listed above with regards to the events described in this and subsequent petitions. Plaintiff expressly invokes her rights under Rule 28 of the Texas Rules of Civil Procedure to have the true and correct names of the party or parties substituted later upon the filing of a motion or action of the Court.

## II.
## JURISDICTION

2.1    This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between Plaintiff who is a citizens of Texas, and Defendant Roderick Clifford Barr, which is a citizen of, is incorporated in, and/or has its principal place of business in, a state other than the State of Texas, specifically Florida, and the matter in controversy exceeds $75,000.00, exclusive of costs and interest.

2.2    This Court has general and personal jurisdiction over Defendants because Defendants (1) conducts business in, and engages in foreseeable, intentional, continuous, and/or systematic contacts within Texas, and specifically within the Southern District of Texas – Houston Division; and/or (2) committed torts, in whole or in part, within

Texas, and specifically within the Southern District of Texas – Houston Division, and said torts give rise to this action. Thus, the exercise of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice.

### III.
### VENUE

3.1     Venue is proper in the United States District Court for the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to Plaintiff's causes of action occurred in the purview of the Southern District of Texas – Houston Division.

### IV.
### BACKGROUND FACTS

4.1     Spaulding Express Logistics is a recognized motor carrier by the Federal Motor Carrier Safety Administration operating out of Fort Myers, Florida. Defendant Spaulding Express's drivers transport finished goods and raw materials to and from manufacturing plants and distribution centers in and around the continental United States. The Department of Transportation number assigned to Spaulding Express Logistics is 3653142.

4.2     On January 6, 2022, Plaintiff was traveling southbound on Thompson Road in Harris County, Texas when Defendant Barr, operating an 18-wheeler while in the course and scope of his employment for Defendant Spaulding Express, changed lanes when it was unsafe and caused a serious motor vehicle collision.



The force from the crash actually caused Plaintiff's motor vehicle to overcome a sidewalk and hit a motor vehicle parked in an adjacent parking lot from the road Plaintiff was traversing. As a result of the crash, Plaintiff's motor vehicle was destroyed and Plaintiff suffered personal injuries.

## V.
## COUNT ONE – NEGLIGENCE OF DEFENDANT BARR

5.1     Defendant Barr owed certain legal duties to Plaintiff when utilizing the public roadway on January 6, 2022. Defendant Barr breached his duties and was negligent in one or more of the following ways:

      a.     Failing to maintain a safe distance from Plaintiff's motor vehicle;

      b.     Failing to drive safely;

      c.     Failing to maintain a lane of traffic;

      d.     Failing to control speed;

      e.     Failing to utilize turn signal before entering Plaintiff's lane of traffic;

      f.      Failing to change lane safely;

      g.      Failing to keep a proper look out; and

      h.      Failing to yield the right-of-way to Plaintiff.

5.2    Defendant Barr's acts or omissions were a proximate cause of Plaintiff's injuries.

**VI.**
**COUNT TWO – NEGLIGENCE OF DEFENDANT SPAULDING EXPRESS**

6.1    Defendant Spaulding Express and its employees, agents, and/or representatives owed certain legal duties to Plaintiff when utilizing the public roadway on January 6, 2022. Defendant Spaulding Express breached its duties and was negligent in one or more of the following ways:

      a.      Failure to properly supervise employees;

      b.      Failure to provide its employees with necessary equipment to do job safely;

      c.      Failure to properly train employees;

      d.      Failing to keep unsafe drivers off the roadway;

      e.      Failing to investigate the crash in question;

      f.      Failing to develop and implement actions to encourage safe driving;

      g.      Failing to develop employment positions to adequately train drivers;

      h.      Failure to conduct daily safety meetings;

      i.      Requiring employees to work to the point of fatigue;

      j.      Failing to implement policy to insure against driver fatigue;

      k.      Failing to follow own policy and procedure following accident;

       l.     Failing to create adequate policies and procedures relating to driver safety;

       m.    Failing to regularly test drivers to insure safe practices; and

       n.     Failing to have policies and procedures in place to confirm safe driving.

6.2    Defendant Spaulding Express's acts or omissions were a proximate cause of Plaintiff's injuries.

## VII.
## COUNT FOUR – NEGLIGENCE *PER SE*

7.1    Defendant Barr's negligence violated Section 545.60 of the Texas Transportation Code ("TTC") because Defendant Barr changed lanes when unsafe on January 6, 2022 causing the motor vehicle crash and Plaintiff's personal injuries complained of herein. The provisions of the TTC are designed to protect a class of persons to which Plaintiff belonged. Violations of the TTC imposes tort liability. Defendant Barr's violation of the TTC section was done without legal excuse. Defendant Barr's breach of the duty imposed on her by the TTC proximately caused Plaintiff's injuries resulting in damages listed herein.

7.2    Defendant Barr's acts or omissions were a proximate cause of Plaintiff's injuries.

## VIII.
## COUNT FIVE – VICARIOUS LIABILITY

8.1    Defendant Spaulding Express is liable for the torts committed by its employees during the course and scope of their employment. Defendant Spaulding Express's employees, while acting within the course and scope of their employment (and in furtherance of Defendant Spaulding Express's business), had a general duty to

exercise reasonable care in performing their work. Defendant Spaulding Express's employees, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant Spaulding Express is vicariously liable for injuries sustained by Plaintiff.

## IX.
## ACTUAL DAMAGES

9.1 Pursuant to Texas Rules of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000.00 and demands a judgment for all other relief to which Plaintiff may show herself to be entitled. Plaintiff suffered the following damages and asks to be fairly and reasonably compensated for each:

    a. The amount of reasonable medical expenses necessarily incurred in the past, and those that will reasonably be incurred in the future;

    b. The physical pain and suffering that Plaintiff has suffered in the past and will continue to suffer in the future;

    c. The mental anguish that Plaintiff has suffered in the past and will continue to suffer in the future;

    d. The loss of enjoyment of life that Plaintiff has suffered in the past and will continue to suffer in the future;

    e. The physical disfigurement that Plaintiff has suffered in the past and will continue to suffer in the future;

    f. The physical impairment that Plaintiff has suffered in the past and will continue to suffer in the future;

    g. The loss of opportunity that Plaintiff has suffered in the past and will continue to suffer in the future;

    h. The loss of earning capacity sustained by Plaintiff in the past, and the loss of reduction of Plaintiff's earning capacity in the future;

    i. Any lost wages; and

  j. Any other damages that Plaintiff is entitled to under statutory and case law.

 9.2 Defendants' acts and/or omissions were a proximate/producing cause of Plaintiff's injuries

## X.
## PRESERVATION OF EVIDENCE

 10.1 Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident that made the basis of this lawsuit, or the damages resulting therefrom, including photographs; accident reports, incident reports, and/or similar reports; root cause documents; black box data, dashboard cameras; videotapes; audiotapes; recordings; business and medical records; estimates; invoices; checks; measurements; inspections of the vehicle; any vehicle; or the scene; and item which has been removed from any vehicle or portion of vehicle which was involved in the incident; correspondence; memoranda; files; facsimiles; email; voice mail; text messages; investigation; cellular telephone records; calendar entries; and any electronic images, date, and/or information related to Defendants, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XI.
## CONDITIONS PRECEDENT

 11.1 Pursuant to Fed. R. Civ. P. 9, all conditions precedents to Plaintiff's rights to recover herein and to Defendants' liability have been performed or have occurred.

## XII.
## DEMAND FOR JURY TRIAL

8

12.1 Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all factual issues triable by jury.

## XIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

13.1 The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) and 21a: **filing@mcmillanfirm.com**. This is the undersign's only e-Service email address, and service through any other email address will be considered invalid.

## XIV.
## PRAYER

14.1 Plaintiff prays that Defendants answer for their tortious conduct, that this case be set for trial, and Plaintiff recover a judgment, jointly and severally, of and from Defendants for damages in such an amount as the evidence may show and the finder of fact may determine to be proper.

Respectfully submitted,

**MCMILLAN LAW FIRM, PLLC**

By: */s/ Chance A. McMillan*
_____
Chance A. McMillan
Texas State Bar No. 24078981
Colorado State Bar No. 57120
Federal I.D. No. 1902653
cam@mcmillanfirm.com
Jaqualine P. McMillan
Texas State Bar No. 24082955
Colorado State Bar No. 56037
Federal I.D. No. 1724664

jpm@mcmillanfirm.com
Tel: (281) 888-2131
Fax: (832) 831-2175
Email: filing@mcmillanfirm.com
ATTORNEYS FOR PLAINTIFF